1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  GREAT AMERICAN INSURANCE              No. 2:21-cv-00057-TLN-DB
    COMPANY,
12
                    Plaintiff,
13                                         **ORDER**
         v.
14
    PAUL BLANCO'S GOOD CAR
15  COMPANY SACRAMENTO, et al.,

16                  Defendants.

17

18          This matter is before the Court on Plaintiff Great American Insurance Company's

19  ("Plaintiff") Motion for Summary Judgment.  (ECF No. 9.)  Defendants Paul Blanco's Good Car

20  Company Sacramento, Paul Blanco's Good Car Company Bakersfield, Paul Blanco's Good Car

21  Company Stockton, Paul Blanco's Good Car Company Fresno, Paul Blanco's Good Car

22  Company Oakland, Paul Blanco's Good Car Company Inland Empire, Paul Blanco's Good Car

23  Company East LA, Paul Blanco's Good Car Company Reno, Paul Blanco's Good Car Company

24  Fairfield, Paul Blanco's Good Car Company Las Vegas, Paul Blanco, and Putu Blanco

25  (collectively, "Defendants") filed an opposition.  (ECF No. 10.)  Plaintiff filed a reply.  (ECF No.

26  12.)  For the reasons set forth below, the Court DENIES Plaintiff's motion.

27  ///

28  ///

                                    1

1      **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2           Plaintiff filed the Complaint on January 11, 2021.  (ECF No. 1.)  Plaintiff is a surety

3      company, and Defendants are car dealerships.  (*Id.* at 1–3.)  Plaintiff alleges that Defendants

4      breached an Indemnity Agreement between the parties.  (*Id.* at 8.)  Plaintiff filed the instant

5      motion for summary judgment on September 30, 2021.  (ECF No. 9.)

6           The following facts are undisputed unless otherwise noted.  Defendants executed an

7      Indemnity Agreement in favor of Plaintiff as a surety.  (ECF No. 12-1 at 2.)  In consideration of

8      Defendants executing the Indemnity Agreement, Plaintiff agreed to issue seven $50,000 Dealer

9      Surety Bonds ("Bonds") pursuant to California Vehicle Code § 11710 on behalf of the identified

10     Defendant car dealerships.  (*Id.*)  Pursuant to the request of Defendants, and in reliance upon the

11     terms and execution of the Indemnity Agreement, Plaintiff issued the Bonds to the Dealers,

12     respectively, as principal, to permit the Dealer's to operate their businesses in compliance with

13     California law.  (*Id.*)  Under the Indemnity Agreement, Defendants promised, among other things,

14     to indemnify and hold harmless Plaintiff from and against "any and all" liability, losses, or

15     expenses including but not limited to interest, court costs, and counsel fees that Plaintiff may

16     incur by reason of issuance of the Bonds on behalf of the Dealers, as principal.  (*Id.* at 2–3.)

17          After the issuance of the Bonds, Plaintiff began receiving claims against the Bonds

18     alleging liability of the Plaintiff for alleged wrongful practices by the Dealers.  (*Id.* at 3.)

19     Relating to the Sacramento, Stockton, Fresno and Bakersfield Bonds, Plaintiff has been sued for

20     claims on the Bonds for amounts far more than the $50,000 maximum potential liability of

21     Plaintiff under such Bonds.  (*Id.*)  Relating to the Sacramento, Stockton, Fresno and Bakersfield

22     Bonds, Plaintiff has filed interpleader actions.  (*Id.*)  As to each of the interpleader actions

23     identified above, Plaintiff has deposited the sum of $50,000 with the respective superior court, net

24     of allowable costs.  (*Id.*)

25          Plaintiff contends it has incurred and continues to incur attorney fees, legal expenses, and

26     consultants' expenses in connection to this action and the interpleader actions.  (*Id.* at 4–5.)

27     Plaintiff further contends Defendants have refused to provide or pledge any assets to Plaintiff in

28     response to Plaintiff's demands for collateral, have not resolved Bond claims, and have not paid

1   any sum to Plaintiff.  (*Id.* at 6.)  Plaintiffs therefore argue Defendants breached the Indemnity

2   Agreement by refusing to indemnify Plaintiff as required.  (*Id.* at 6.)

3       **II.**      **STANDARD OF LAW**

4       Summary judgment is appropriate when the moving party demonstrates no genuine issue

5   as to any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.

6   R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary

7   judgment practice, the moving party always bears the initial responsibility of informing the

8   district court of the basis of its motion, and identifying those portions of "the pleadings,

9   depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"

10  which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

11  *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof

12  at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

13  solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at

14  324 (internal quotations omitted).  Indeed, summary judgment should be entered against a party

15  who does not make a showing sufficient to establish the existence of an element essential to that

16  party's case, and on which that party will bear the burden of proof at trial.  *Id.* at 322.

17      If the moving party meets its initial responsibility, the burden then shifts to the opposing

18  party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec.*

19  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities*

20  *Serv. Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of a factual

21  dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender

22  evidence of specific facts in the form of affidavits and/or admissible discovery material in support

23  of its contention that a dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must

24  demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

25  suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that

26  the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for

27  the nonmoving party.  *Id.* at 251–52.

28  ///

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quotation omitted).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded must be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id.* at 587.

### III.   ANALYSIS

In moving for summary judgment, Plaintiff contends there is no genuine dispute that Defendants breached the Indemnity Agreement.  (ECF No. 9-1 at 11.)  Plaintiff therefore requests the Court grant summary judgment as to the breach of contract claim (Claim One) in the amount of $248,415.09 (which includes $200,000 of principal and $48,415.09 in attorney fees and costs through August 31, 2021), not including attorney's fees and costs incurred after September 1, 2021.  (*Id.* at 15–16.)

In opposition, Defendants oppose Plaintiff's motion on the sole basis that the motion is premature.  (ECF No. 10 at 2, 5.)  Defendants assert "Plaintiff is unsure whether the underlying actions are the only interpleader actions it will file, whether it will be able to collect within those

4

1   cases, and is thus unsure for what Defendants may actually be held liable." (*Id.* at 5.)  Defendants

2   frame their opposition as being brought under Federal Rule of Civil Procedure ("Rule") 56(d),

3   arguing that because the underlying actions are pending, Defendants have not had an adequate

4   opportunity to complete discovery. (*Id.* at 5–8.)  Defendants lastly argue Plaintiff is not entitled

5   to the requested attorney's fees and costs because such fees and costs can be recovered from the

6   interpleaded funds. (*Id.* at 8–9.)

7        In reply, Plaintiff emphasizes that Defendants' opposition is not supported by any

8   evidence. (ECF No. 12 at 2.)  Plaintiff further argues Defendants do not dispute any material

9   facts and the motion is not premature as Plaintiff has already expended $248,415.09 because of

10  Defendants' breach. (*Id.*)  Plaintiff also notes that Defendants failed to submit an affidavit as

11  required to invoke Rule 56(d). (*Id.* at 4–5.)

12       On March 10, 2022, the parties filed a joint status report indicating that "[t]he underlying

13  interpleader actions are now fully resolved." (ECF No. 13 at 3.)  The parties acknowledge that

14  Defendants opposed the instant motion because "the expenses for which [Defendants] are liable

15  relating to the underlying interpleader actions were not fixed" when the instant motion was filed.

16  (*Id.*)  Plaintiff states, "To the extent the [C]ourt does not enter judgment on the pending [m]otion,

17  [Plaintiff] requests permission to file an updated motion for summary judgment based on the full

18  resolution of the underlying interpleader actions." (*Id.*)  Defendants do not object to Plaintiff's

19  request and instead reserve their rights to oppose a renewed motion. (*Id.*)

20       Plaintiff's arguments in its moving papers are well-taken.  However, the Court DENIES

21  Plaintiff's motion for summary judgment in the interest of judicial economy and out of an

22  abundance of caution based on the parties' representations that the underlying interpleader actions

23  are fully resolved. (*Id.* at 2–3.)  The Court GRANTS Plaintiff's request to file a renewed motion

24  for summary judgment, as evidence and argument about the resolution of the underlying

25  interpleader actions may render Defendants' opposition entirely moot and clarify the remaining

26  issues before the Court.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (explaining that a

27  court has inherent power "to control the disposition of the causes on its docket with economy of

28  time and effort for itself, for counsel, and for litigants").

5

1     **IV.    CONCLUSION**

2            For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment.

3     (ECF No. 9.)  Plaintiff may file a renewed motion for summary judgment not later than sixty (60)

4     days from the electronic filing date of this Order.  Defendants may file an opposition or statement

5     of non-opposition not later than fourteen days after the motion is filed, and Plaintiff may file a

6     reply not later than ten (10) days after the opposition is filed.  *See* E.D. Local Rule 230.  If

7     Plaintiff opts not to file a renewed motion for summary judgment, the parties are ordered to file

8     an updated Joint Status Report not later than ninety (90) days from the electronic filing date of

9     this Order.

10            IT IS SO ORDERED.

11    **DATED:  September 21, 2022**

12                                                          Troy L. Nunley
13                                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       6