UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL BLANCO'S GOOD CAR COMPANY SACRAMENTO, et al.,<br><br>Defendants. | No. 2:21-cv-00057-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Great American Insurance Company's ("Plaintiff") Motion for Summary Judgment. (ECF No. 15.) Defendants Paul Blanco's Good Car Company Sacramento, Paul Blanco's Good Car Company Bakersfield, Paul Blanco's Good Car Company Stockton, Paul Blanco's Good Car Company Fresno, Paul Blanco's Good Car Company Oakland, Paul Blanco's Good Car Company Inland Empire, Paul Blanco's Good Car Company East LA, Paul Blanco's Good Car Company Reno, Paul Blanco's Good Car Company Fairfield, Paul Blanco's Good Car Company Las Vegas, Paul Blanco, and Putu Blanco (collectively, "Defendants") declined to file an opposition (ECF No. 18), which the Court construes as a non-opposition (ECF No. 19). For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///

## I.     Factual and Procedural Background

Plaintiff filed the Complaint on January 11, 2021, alleging claims for: (1) breach of contract; (2) equitable and statutory indemnity; (3) injunctive relief; and (4) specific performance. (ECF No. 1.)  Plaintiff is a surety company, and Defendants are car dealerships. (*Id.* at 1–3.) Plaintiff alleges that Defendants breached an Indemnity Agreement between the parties. (*Id.* at 8.)  Plaintiff filed the instant motion for summary judgment on October 15, 2022. (ECF No. 15.)

The following facts are undisputed unless otherwise noted.  Defendants executed an Indemnity Agreement in favor of Plaintiff as a surety. (ECF No. 15-1 at 2.)  In consideration of Defendants executing the Indemnity Agreement, Plaintiff agreed to issue seven $50,000 Dealer Surety Bonds ("Bonds") pursuant to California Vehicle Code § 11710 on behalf of the identified Defendant car dealerships. (*Id.*)  Pursuant to the request of Defendants, and in reliance upon the terms and execution of the Indemnity Agreement, Plaintiff issued the Bonds to the Dealers, respectively, as principal, to permit the Dealers to operate their businesses in compliance with California law. (*Id.*)  Under the Indemnity Agreement, Defendants promised, among other things, to indemnify and hold harmless Plaintiff from and against any and all liability, losses, and/or expenses including but not limited to interest, court costs, and counsel fees that Plaintiff may incur by reason of issuance of the Bonds on behalf of the Dealers, as principal. (*Id.* at 2–3.)

After the issuance of the Bonds, Plaintiff began receiving claims against the Bonds alleging liability of the Plaintiff for alleged wrongful practices by the Dealers. (*Id.* at 3.) Relating to the Sacramento, Stockton, Fresno and Bakersfield Bonds, Plaintiff has been sued for claims on the Bonds for amounts far more than the $50,000 maximum potential liability of Plaintiff under such Bonds. (*Id.*)  Relating to the Sacramento, Stockton, Fresno and Bakersfield Bonds, Plaintiff has filed interpleader actions. (*Id.*)  As to each of the interpleader actions identified above, Plaintiff has deposited the sum of $50,000 with the respective superior court, net of allowable costs. (*Id.*)

Plaintiff contends it has incurred and continues to incur attorney's fees, legal expenses, and consultant expenses in connection to this action and the interpleader actions. (*Id.* at 3–4.) Plaintiff further contends Defendants have refused to provide or pledge any assets to Plaintiff in

response to Plaintiff's demands for collateral, have not resolved Bond claims, and have not paid any sum to Plaintiff. (*Id.* at 4.) Plaintiffs therefore argue Defendants breached the Indemnity Agreement by refusing to indemnify Plaintiff as required. (*Id.*)

## II.     STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotations omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of a factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material in support of its contention that a dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### III.   ANALYSIS

Plaintiff moves for summary judgment only as to Claim One — breach of contract. (ECF No. 15 at 2.) Plaintiff contends there is no genuine dispute that Defendants breached the Indemnity Agreement. (ECF No. 15-1 at 12.) Plaintiff therefore requests the Court grant summary judgment as to the breach of contract claim in the amount of $254,571.44 (which includes $200,000 of principal and $54,571.44 in attorney's fees and costs). (*Id.* at 15–16.) As mentioned, Defendants declined to file an opposition, and the Court thus deems Plaintiff's motion to be unopposed pursuant to Local Rule 230(c).

"[T]he elements of a cause of action for breach of contract are[:] (1) the existence of the contract[;] (2) plaintiff's performance or excuse for nonperformance[;] (3) defendant's breach[;] and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Plaintiff has provided undisputed evidence that: (1) the parties executed a written indemnification agreement; (2) under the terms of that agreement, Defendants agreed to indemnify Plaintiff against losses, liabilities, costs, damages, attorney's fees, and expenses arising from Bonds issues; (3) Defendants have not indemnified Plaintiff as required and are thus in

4

breach of the agreement; and (4) as a result of the breach, Plaintiff has suffered damages in the principal sum of $200,000 and attorney's fees and costs in the amount of $54,571.44. (*See* ECF No. 15-2.) Further, Plaintiff has submitted evidence of its payments pursuant to the prima facie evidence clause of the Indemnity Agreement and has established that it acted in good faith to settle the Bond claims by filing interpleader actions. (*Id.*; ECF No. 15-1 at 14–16.)

Based on Plaintiff's undisputed evidence and Defendants' non-opposition, the Court finds Plaintiff has shown that it is entitled to summary judgment for Defendants' breach of the Indemnity Agreement and is entitled to a money judgment against Defendants, jointly and severally, in order to indemnify Plaintiff for the amounts expended under the Dealer Surety Bonds it issued for the benefit of: (1) Paul Blanco's Good Car Company Sacramento; (2) Paul Blanco's Good Car Company Stockton; (3) Paul Blanco's Good Car Company Fresno; and (4) Paul Blanco's Good Car Company Bakersfield, as follows: (1) $200,000, consisting of $50,000 deposited in connection with interpleader actions for each of the four Bonds; and (2) $54,571.44 in attorney's fees and costs.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment (ECF No. 15.) Plaintiff is ordered to notify the Court not later than seven (7) days from the electronic filing date of this Order as to whether it intends to proceed on the remaining claims in the Complaint or dismiss those claims. If Plaintiff intends to dismiss the remaining claims, the Court will enter judgment in Plaintiff's favor consistent with this Order and close the case.

IT IS SO ORDERED.

**DATED: November 9, 2022**

Troy L. Nunley
United States District Judge